UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22679-CIV-MARTINEZ/AOR

SHOW ME HOSPITALITY, LLC,

    Plaintiff/Counter-Defendant,

v.

TIM HORTONS USA, INC.,

    Defendant/Counter-Plaintiff,

ERIC D. SIGURDSON,

    Third-Party Defendant.

_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE came before the Court upon Defendant/Counter-Plaintiff Tim Hortons USA, Inc.'s ("Defendant") Bill of Costs (hereafter, "Bill of Costs") [D.E. 304] and Memorandum of Law in Support of Bill of Costs (hereafter, "Memorandum") [D.E. 305]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 306]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Bill of Costs be APPROVED, and Defendant be AWARDED costs in the requested amount of **$29,055.16**.

**PROCEDURAL BACKGROUND**

    On July 18, 2017, Plaintiff Show Me Hospitality, LLC ("Plaintiff") filed this action against Defendant asserting the following claims:

    Count 1 -  Anticipatory breach of an Area Development Agreement ("ADA");

    Count 2 -  Breach of the ADA and its implied covenant of good faith and fair dealing;

    Count 3 -  Breach of several Franchise Agreements and their implied covenants of good faith and fair dealing; and

Count 4 -  Tortious interference with business expectancy.

See Compl. [D.E. 1].

On March 29, 2018, the Court granted in part Defendant's Motion to Dismiss [D.E. 15] and dismissed with prejudice Count 4 of the Complaint.  See Order on Defendant's Motion to Dismiss and Motion to Strike [D.E. 37].  On June 11, 2018, Plaintiff filed an Amended Complaint, re-asserting Counts 1 through 3 against Defendant.  See Am. Compl. [D.E. 46].

On July 2, 2018, Defendant filed its Answer and Affirmative Defenses to the Amended Complaint (hereafter, "Answer") and Counterclaim/Third-Party Complaint (hereafter, "Counterclaim/Third-Party Complaint") against Plaintiff and Third-Party Defendant Eric D. Sigurdson ("Sigurdson").  See Answer and Counterclaim/Third-Party Complaint [D.E. 50].  In its Counterclaim/Third-Party Complaint, Defendant asserted the following three claims: (1) breach of the Franchise Agreements against Plaintiff; (2) breach of the ADA against Plaintiff; and (3) breach of guarantees against Sigurdson.  Id. at 36–37.

On January 29, 2020, the Court denied Defendant's Motion for Summary Judgment [D.E. 92] and Plaintiff's Motion for Partial Summary Judgment [D.E. 112].  See Order on Motions for Summary Judgment [D.E. 182].  Thereafter, a nine-day bench trial was held as to the Amended Complaint and the Counterclaim/Third-Party Complaint.  See Paperless Minute Entries for Proceedings [D.E. 269–71, 273–74, 277–80]. On April 22, 2022, the Court entered Final Judgment in favor of Defendant against Plaintiff as to Counts 1–3 in the Amended Complaint; and Final Judgment in favor of Defendant against Plaintiff and Sigurdson as to all claims in the Counterclaim/Third-Party Complaint.  See Final Judgment [D.E. 303].  The Court awarded Defendant $622,653.00 in damages.  Id.

On May 20, 2022, Defendant filed its Bill of Costs [D.E. 304] and Memorandum [D.E. 305], seeking $29,055.16 in taxable costs.  In response to an Order to Show Cause [D.E. 307],

Plaintiff and Sigurdson disclosed their non-opposition to the Bill of Costs. See Response to Order to Show Cause [D.E. 308].

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). In this case, Defendant is clearly the prevailing party given that the Court issued Final Judgment entirely in its favor. See Final Judgment [D.E. 303]. Thus, Defendant is entitled to recover its costs pursuant to Rule 54(d).

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In its Bill of Costs, Defendant seeks to recover the following items of costs:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees of the clerk | 400.00 |
| Fees for service of subpoenas | 1,288.00 |
| Fees for printed or electronically recorded transcripts | 27,367.16 |
| **TOTAL REQUEST:** | **29,055.16** |

See Bill of Costs [D.E. 304 at 1]; Memorandum [D.E. 305 at 6]. As noted above, these items of costs are recoverable pursuant to Section 1920. Moreover, given Plaintiff's and Sigurdson's non-opposition, the amounts sought are deemed reasonable.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Bill of Costs [D.E. 304] be APPROVED and Defendant be AWARDED costs in the requested amount of **$29,055.16** as prevailing party in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 8th day of July, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record